United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10974
Conference Calendar
_____

CHARLES WILBURN SAMPLES,

                                        Plaintiff-Appellant,

versus

LESLIE WOODS, Warden Allred Unit; KENNETH R. BRIGHT,
Major; TIMOTHY TALLMAN, Correctional Officer III; LADONNA
MITCHELL, Correctional Officer III; THOMAS KIRBY,
Correctional Officer III; KENNETH LATHAM, Sergeant; MARK
E. ADKINS, Lieutenant; JAMES W. HART, JR., Captain; NFN
SMITH, Property Officer; DEBRA SIZEMORE, Correctional
Officer; JESSE CORRECTIONAL OFFICER; BRIAN A. POLLOCK,
Correctional Officer; ERNEST D. IVEY, Disciplinary Hearing
Officer; CHERYL D. BERGER, Unit Grievance Coordinator; ALVIN L.
EASTERLING, Unit Grievance Coordinator; BELINDA GENTRY, Open
Records Coordinator; HERMON DIDLO, Psychology Dr.; JOHN WOMBLE,
Dr.; NFN KING, Correctional Officer; PAMELA FRENCH, Correctional
Officer; JOHN WIRTZ, Sergeant; DAVID LAMBERT, Sergeant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-31-R
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Charles Wilburn Samples, a Texas prisoner (# 683547),

challenges the district court's denial of his application to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") on appeal following the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i). Samples is effectively challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith. See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

By failing to direct his motion solely to the district court's reasons for the certification decision, however, Samples has effectively abandoned the only issue that is properly before this court. See <u>Baugh</u>, 117 F.3d at 202; <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, Samples' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See <u>Baugh</u>, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal of the complaint as frivolous by the district court both count as "strikes" for purposes of the "three strikes" provision, 28 U.S.C. § 1915(g). See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Samples is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES BAR WARNING ISSUED.